FILED
United States Court of Appeals
Tenth Circuit

August 19, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

| | |
|---|---|
| TERRENCE W. FRANK, individually and on behalf of Sharon K. Frank (deceased), | No. 10-3108 |
| Plaintiff - Appellant, | |
| v. | (D. Kansas) |
| PRESIDENT GEORGE W. BUSH; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; OTT LAND & GRAIN, INC.; KENT A. OTT; REBECCA OTT; WESLEY MEDICAL CENTER; JOSEPH M. SACK, M.D.; SPECTRUM FAMILY MEDICAL CLINIC; RONALD K. BADGER; KANSAS DEPARTMENT OF AGRICULTURE/DIVISION OF WATER RESOURCES; SUMNER COUNTY DISTRICT COURT/KANSAS THIRTIETH JUDICIAL DISTRICT; JUDGE R. SCOTT McQUIN, | (D.C. No. 5:09-CV-04146-RDR-JPO) |
| Defendants - Appellees. | |

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff/appellant, Terrence Frank, proceeding *pro se*, appeals the district court's order and judgment granting motions to dismiss by the federal and state defendants in this case, dismissing the federal and state claims against all defendants without prejudice, and dismissing the entire action for lack of subject matter jurisdiction. We affirm.

In 2009, Mr. Frank initiated this action on behalf of himself and his deceased wife, Sharon Frank. The district court identified some seventeen to eighteen claims in Mr. Frank's thirty-three page complaint, including (1) civil conspiracy/collusion (all defendants); (2) fraud by commission; (3) fraud by omission; (4) intentional fraud; (5) misrepresentation/concealment; (6) negligence/medical malpractice; (7) gross negligence; (8) trespass; (9) private nuisance; (10) intentional private nuisance; (11) detrimental reliance; (12) wrongful death; (13) violations of the right to privacy; (14) violation of due process rights under the Fifth Amendment; (15) violation of the FISA and Patriot Acts; (16) violation of the War Crimes Act of 1949/crimes against humanity; and (17) outrage. The complaint also refers to 42 U.S.C. § 1983.

The defendants are: President George W. Bush and the Department of Homeland Security (the federal defendants); certain Kansas state and county officials and agencies (more specifically, the Kansas Department. of Agriculture/Division of Water Resources, the Sumner County District Court/Kansas Thirtieth Judicial District, and Judge R. Scott McQuin); and certain private individuals and entities (more specifically, Ott Land & Grain, Inc., Kent A. Ott, Rebecca Ott, Wesley Medical Center, Joseph M. Sack, M.D., Spectrum Family Medical Clinic, and attorney Ronald K. Badger). Mr. Frank sought monetary damages and injunctive relief.

In his complaint, Mr. Frank alleged an ongoing dispute with adjacent property owners, Kent and Rebecca Ott, and their business, Ott Land & Grain, Inc., concerning water rights and damages caused by water, which resulted in Mr. Frank, represented by defendant Ronald Badger, losing a case before defendant Judge R. Scot McQuin. This resulted in the claims against the Otts, their company, Judge McQuin and attorney Badger.

Mr. Frank also generally alleged that his wife, Sharon, "actually died from intentional negligence/medical malpractice by [defendant] Dr. Sack and [defendant] Wesley Hospital, the result of a National Security Letter authorized by President Bush and the government which was initiated by [former state representative and neighbor] Kent Ott, Rebecca Ott and/or Ott Land & Grain, Inc." Compl. at 11, ¶ 93, R. Vol. 1 at 19. Mr. Frank further asserted that

President Bush, the Department of Homeland Security, and the government issued the National Security Letter against him and his wife without good cause and without a warrant in violation of the Foreign Intelligence Surveillance Act of 1978 and the USA Patriot Act of 2001. See id. at 13, ¶ 117.

Among Mr. Frank's other allegations, he claims to have been "denied due process of law under the Fifth Amendment . . . due to the conspiracy/collusion and fraud engaged in by the defendants, attorney Ronald Badger, Judge R. Scott McQuin and the Sumner Count District court and the state." Id. at 15, ¶ 127.

Multiple motions to dismiss were filed by the defendants. In its April 2, 2010, Memorandum and Order, the district court granted the motions to dismiss filed by the federal defendants (President Bush and the Department of Homeland Security) based on absolute and sovereign immunities, lack of subject matter jurisdiction over the Federal Tort Claims Act claims against the Department of Homeland Security because Mr. Frank had failed to exhaust, and for failure to state a substantial claim. Frank v. Bush, 2010 WL 1408405 (D. Kan. Apr. 2, 2010). The district court observed that Mr. Frank's claims were "not only implausible, but also insubstantial and frivolous." Id., at *5.

The district court further granted the motions to dismiss filed by the Kansas state and county defendants (the Kansas Department of Agriculture/Division of Water Resources, the Sumner County District Court/Kansas Thirtieth Judicial District and District Court Judge R. Scott McQuin) based on judicial immunity,

-4-

the Rooker-Feldman doctrine, and Eleventh Amendment immunity. Additionally, with respect to the state defendants, the district court found the "complaint fails to set forth a plausible or substantial federal cause of action which provides grounds for jurisdiction in this case." Id. at *6. Finally, the court dismissed Mr. Frank's claims against the private individuals/entities for failure to state a § 1983 claim and for failure to state a "plausible or substantial claim" for violations of the various federal acts named in the complaint. It also declined to assert supplemental jurisdiction over any pending state law claims. The court concluded:

> The court shall grant the federal defendants' motion to dismiss and the state defendants' motion to dismiss in conformity with this order. Plaintiff's federal and state law claims against all defendants shall be dismissed without prejudice and this case is dismissed for lack of subject matter jurisdiction.

Id., at *8.

Having carefully reviewed the record in this case, as well as all materials filed, we affirm the district court's decision for substantially the reasons stated in its April 2, 2010, Memorandum and Order. The court carefully considered Mr. Frank's lengthy complaint and arguments, and we see no need to repeat that thorough analysis again.

For the foregoing reasons, the dismissal of this case is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-5-